OPINION OF THE COURT
Fuchsberg, J.
Painstaking consideration of the record as a whole compels us to agree with the Appellate Division that, while the trial tactics of both the prosecutor and the defense counsel are highly criticizable, the defendant was not deprived of a fair trial.
In so deciding, we realistically recognize that a trial, particularly one which turns, as did the present one, on issues of credibility, under our time-tried adversary system in no small measure depends for the testing of truth and, ultimately, for a just determination on the clash of competing contentions advanced under well-established rules by zealous and independent opposing counsel. Though, nevertheless, excesses and improprieties,. on the side of either party or of both, by distorting the intended balance, often will negate the result, we cannot say this was the case here.
For one thing, not all the alleged misconduct of which each party complains was drastic. For instance, the repeated argumentation over rulings of the Trial Judge in the presence of the jury; mimicking remarks to witnesses; repetition of their answers; attempts to disrupt troubling cross-examination; injecting misstatements in questions and undignified ad hominem attacks by one counsel on the other, even if viewed cumulatively, would not necessarily render the trial “a mockery” (see People v Johnson, 47 NY2d 785, cert den 444 US 857; cf. People v Alicea, 37 NY2d 601; People v Steinhardt, 9 NY2d 267).
In this connection, we observe that, while goading by defense counsel will not justify a prosecutor’s departure *399 from the obligations of the sensitive role he plays (People v Garcia, 72 AD2d 356, 361, affd 52 NY2d 716; ABA Standards [1971], Prosecution Function, § 5.8, subd [a]), the acrimonious tone of this trial may have been sounded at its outset by defense counsel’s gratuitous reference to the witness Cruz as a “vigilante punk”. Yet, to this and other provocations, the prosecutor had no business assuming what the People’s brief now candidly concedes was an “unprofessional and abrasive manner”, for this not only disregarded what every competent trial lawyer understands, i.e., the function of restraint, but, above all, cast aside the obligations of his office.
However, fortunately, the Trial Judge was a saving grace. Not chary about raising his own restraining hand, he handled most of the episodes promptly and forcefully, aborting prejudice by cutting short the arguments, or, in instances where he thought it appropriate, confining it to chambers. Because of the judicial interpositions, crucially, the conduct of counsel did not keep either side from putting before the jury its full version of the events surrounding the crime and, signally, neither side claims that it did (People v Arce, 42 NY2d 179, 187; cf. People v Ashwal, 39 NY2d 105).
Moreover, some of the bitterest of the catalogue of complaints relate to matters which were not improper per se. Each attorney, for example, sought to attack the credibility of witnesses by exploring the extent to which his opponent had gone to prepare them to testify, the implications of which defense counsel in particular .angrily took to be a personal attack on his integrity. Similarly, the prosecutor’s characterization, in summation, of the defense’s contention that the witness Cruz possessed a gun as a “smokescreen” or “a red herring” and his aspersions on the credibility of the defendant’s and the witness Taylor’s testimony did not exceed the broad bounds of rhetorical comment permissible in closing argument. (Amsterdam, Segal & Miller, Trial Manual for the Defense of Criminal Cases [3d ed], pp 1-298, 1-435.) True, the prosecutor’s earlier use of the words “prime” and the like in the questions by which he tried to probe witnesses’ preparation may have been im *400 proper. But it is noteworthy that the trial court severely admonished him and directed that the term not be used again. In any event, defendant, electing to rest on this curative course, did not move for a mistrial.
Perhaps the most serious aberration of which the appellant accuses the prosecutor is the latter’s attempt to raise the “spectre of police perjury” by cross-examination designed to pit answers elicited from the defendant and the witness Taylor against those which had been given by the police during the People’s case (see People v Rodriguez, 62 AD2d 929; People v Bryant, 60 AD2d 810). However, objections to this line of inquiry, made immediately, were sustained and, again, the matter went unpreserved by a motion for mistrial. Moreover, that neither side monopolized the words “truth” and “liar” is apparent from defense counsel’s cross-examination of Cruz, when he not only commented, “I’m trying to have you finally tell the truth”, but also put the unfounded question, “Did people call you a liar in the Army?”*
Furthermore, the adversarial system must have played its own ameliorative role. For, in a trial of any appreciative length, here lasting seven days, the overreaching, the obstreperousness and the boisterousness of counsel, particularly when it compelled the Judge to rebuke both counsel in open court, is sure to have been self-defeating. All the more was this so in a case which, in the end, was a simple one: a purse snatching, the capture of one of the perpetrators' by a passerby, the identification of the perpetrator by the victim and the passerby, the lack of any contest that the crime had occurred, the defendant’s contention that he was an innocent passerby, his admission that he had *401 been carrying the bananas which were found at about the place and the time of the crime.
Indeed, it is only because it occurred in this frame of reference that the prosecutor’s resort to a “safe streets” argument in the course of his closing argument falls short of requiring reversal. Remarks which seek to impress jurors with the importance of their function and the bearing of a just decision in a case at hand to the system of justice as a whole, when fairly and neutrally stated, are permissible, if indeed not salutary. But where they are used as a vehicle by which to make references which bear a potential for prejudice, as in this instance, they are to be condemned. Here, briefly pursued and lost in the verbal mélée, though preserved for appeal, the prosecutor’s comment, in the context of the entire summation and, even more, the entire trial, in our considered opinion was harmless error (cf. People v Brosnan, 32 NY2d 254, 262; People v Crimmins, 36 NY2d 230).
In sum, in the circumstances here, the Trial Judge and the Appellate Division were correct in perceiving that reversal was not the only course open to them. As the United States Court of Appeals for the Second Circuit had occasion to remark when confronted with a similar problem only this past month, “ordering a new trial remains among the measures that the Court may apply in a particular case, and we believe that its availability has some deterrent effect. But its invocation is properly shunned when the misconduct has not substantially prejudiced a defendent’s trial. Reversal is an ill-suited remedy for prosecutorial misconduct; it does not affect the prosecutor directly, but rather imposes upon society the cost of retrying an individual who was fairly convicted” (United States v Modica, 663 F2d 1173).
Finally, as to the other contentions raised by appellant, we find these either unpreserved or without merit.
Accordingly, the order of the Appellate Division should be affirmed.

 Having more than sampled the mutuality of provocation and reprisal which characterized the conduct of counsel, it would be little more than a statistical exercise to touch on every occasion when either one manifested a lack of discipline. Nevertheless, since the dissent has offered up a list of the Assistant District Attorney’s excesses, it may not be amiss to note that any survey of the official transcript quickly yields up an at least equally long account of defense counsel’s repeated abuses. Withal, as we otherwise have indicated, all the evidence was fully explored, the Judge’s charge was received with a contrasting lack of controversy and the jury manifestly was unhurried in its deliberations.