■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER MASHACK, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered August 17, 1983, convicting him of murder in the second degree (felony murder), manslaughter in his first degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The prosecutor's summation contained numerous comments that were patently improper. While we find the evidence of defendant's guilt overwhelming (*see, People v Crimmins,* 36 NY2d 230, 241), were it not for the trial court's prompt and forceful curative remarks, a reversal would be required on this basis (*People v Galloway,* 54 NY2d 396, 399). The summation included characterizations of defendant's testimony as a "desperate legal defense" and a comment that defendant "began to push * * * [the victim's] body into the refrigerator in the Medical Examiner's Office while they were still back at [the victim's] apartment". In response to the latter comment, for example, the court issued a severe admonition to the prosecutor in front of the jury and a lengthy curative instruction which went, in part, "we are not here to get ourselves inflamed * * * [but] are here to judge this case on * * * only the evidence, and that is improper conduct". This and several other forceful curative remarks served, at least in this case, to insulate the jury from the

potentially biasing effects of the improper comment. By its requests for rereading of pertinent portions of defendant's own testimony and the court's charge, the jury in this trial demonstrated that it was unswayed by the prosecutor's remarks and evaluated the credibility and probative value of the testimony for itself.

We find no merit to the other contentions raised by defendant on appeal. Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.