■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MOORE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered February 8, 1982, convicting him of robbery in the first degree (two counts), assault in the second degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and as a matter of discre-

tion in the interest of justice, and new trial ordered. The facts have been considered and are determined to be established.

The misconduct of the prosecutor on summation denied defendant a fair trial.

Defendant appeared *pro se* with the assistance of an advisory attorney. As part of his trial strategy, defendant called certain police witnesses and deliberately elicited testimony from them concerning his earlier conviction of a very similar crime, committed within days of the incident which resulted in the instant charges. The prosecutor could, therefore, properly comment on this earlier conviction in his summation, as it constituted trial evidence.

However, in many other respects, the prosecutor exceeded the bounds of fair comment. In essence, the prosecutor told the jury that defendant's defense had already been presented to and rejected by the first jury, stating on several occasions that defendant's defense "didn't work" at the first trial, and that the first jury "didn't buy it". Additionally, he urged that the instant jury also not "buy" defendant's defense, stating that if they did, "I also want to speak to [you] afterwards because there is a certain bridge I'd like to sell you and it goes from Brooklyn to Manhattan. It is right off Adams Street". The trial court sustained several objections to the prosecutor's summation, but denied a motion for a mistrial, promising to give a curative instruction. However, no such instruction was given. No exception was taken to the charge; nevertheless, we find that the prosecutor's summation was so pervaded by improper comment that defendant's right to a fair trial was prejudiced, and a new trial is warranted *(see, e.g., People v Galloway,* 54 NY2d 396; *People v Mott,* 94 AD2d 415, 419; *People v Roopchand,* 107 AD2d 35, 36). O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.