■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LACOOT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered April 19, 1982, convicting him of robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Lentol, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony of the complainants.

Ordered that the judgment is affirmed.

The hearing court properly found that the police had probable cause to arrest the defendant because the facts and circumstances within the officers' personal knowledge and of which they had reasonably trustworthy information were sufficient to warrant a man of reasonable caution in the belief that the offense had been committed by the defendant *(Brinegar v United States,* 338 US 160, *reh denied* 338 US 839; *People v Brnja,* 50 NY2d 366; *People v Crosby,* 91 AD2d 20, *lv denied* 59 NY2d 765). In particular, we note that the defendant, wearing clothing that matched the descriptions given to the police by the complainants, was apprehended in close temporal and spatial proximity to the crime scene, while he was fleeing from other police cars. Furthermore, it was reasonable for the police officers to approach the defendant with their guns drawn because the suspect had been described as carrying a gun and they had received a radio broadcast of "shots fired" in relation to this crime.

Moreover, Criminal Term properly declined to suppress the victims' on-the-scene showup identifications of the defendant. These identifications were the result of the complainants' fresh recollections based upon their own observations made during the commission of the crime *(see, People v Adams,* 53 NY2d 241; *People v Smith,* 38 NY2d 882). Less than ideal police procedures may be found to be tolerable in the interest of a prompt identification, especially since the defendant was apprehended in close proximity to the crime scene and holding him for a lineup would have entailed an unnecessary delay *(see, People v Love,* 57 NY2d 1023). In addition, as found by the hearing court, the complainants would have had independent sources for their in-court identifications of the defendant founded on their observations of the defendant during the commission of the crime. The People proved by clear and convincing evidence that the in-court identifications would be "based upon observations of the suspect other than [improper precinct] identifications" *(People v Ballott,* 20 NY2d 600, 606).

Finally, the defendant was not denied a fair trial by the prosecutrix's conduct during her cross-examination of the defendant and her summation *(People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Galloway,* 54 NY2d 396). Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.