■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALEX FONTANA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered May 21, 1984, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the imposed sentence of five years to life imprisonment did not constitute an abuse of the sentencing court's discretion (see, People v Suitte, 90 AD2d 80). The court made no promises to the defendant as to the length of the sentence it would impose, and the defendant acknowledged prior to pleading guilty that he was aware that the maximum sentence which could be imposed was 8⅓ years to life imprisonment.

We have considered the contentions raised in the defendant's pro se brief and find them to be either unpreserved for our review or without merit. Mollen, P. J., Brown, Weinstein, Eiber and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR D. FREIBERG, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 9, 1986, convicting him of grand larceny in the second degree, offering a false instrument for filing in the first degree (18 counts), and falsifying business records in the first degree (4 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

After reviewing the record, we find that the prosecutor's actions did not deprive the defendant of a fair trial (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837; People v Galloway, 54 NY2d 396). The defendant's remaining contentions are either unpreserved for review or without merit. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.