■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCCO MANZI, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant's arguments that the evidence was insufficient to support his conviction for burglary in the second degree, that the court abused its discretion in its *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371), and that he was denied discovery of *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765) are all without merit. Nor is a reversal required because of prosecutorial misconduct. Following each instance of alleged misconduct, the court gave appropriate instructions to the jury minimizing the prejudicial effect of any error *(People v Ashwal,* 39 NY2d 105). Thus, this is not a case where the prosecutor's misconduct caused such substantial prejudice that defendant was thereby deprived of a fair trial *(People v Galloway,* 54 NY2d 396; *People v Rubin,* 101 AD2d 71).

The judgment must be modified, however, to reverse defendant's conviction of criminal mischief in the third degree and to vacate the sentence imposed thereon. Since that crime was not submitted to the jury, its verdict finding defendant guilty thereof was unlawful. (Appeal from judgment of Supreme Court, Onondaga County, Murray, J.—burglary, second degree, and criminal mischief, third degree.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.