■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WALLACE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered August 1, 1986, convicting him of assault in the second degree, and disorderly conduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The central issue at trial was whether the defendant, with the intent to prevent a police officer from performing his duty, caused physical injury to the officer. The prosecution claimed that the defendant had searched for police officers to physically confront them. The defendant argued that he was intoxicated and had no memory of the fight. In light of the fact that the issue before the jury depended upon the credibility of the witnesses, the prosecutrix was entitled to probe the assertion of memory lapse during cross-examination of the defendant. When her questions contained sarcastic or personal evalua-

tions of the defendant's claim, the court promptly sustained the defendant's objections. We are satisfied that the rulings of the court, coupled with its instructions directing the jury to disregard questions when objections were sustained, vitiated any prejudice *(see, People v Galloway,* 54 NY2d 396).

Further, during their summations, both sides argued the law with respect to the issues of intent and intoxication. While the prosecutrix persisted in her arguments, even after the court had sustained the defense counsel's objections, the court instructed the jury on the law and told them to disregard counsels' statements on the law. Consequently, the defendant was not deprived of a fair trial *(see, People v Lebron,* 114 AD2d 859).

We have examined the defendant's remaining claims and find them to be without merit. Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.