■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON HOLLAND, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of rape in the first degree and burglary in the second degree. In his brief he contends that the court erred in denying his motion to suppress identification testimony of the complainant because the photo array and lineup procedures were suggestive. At oral argument, however, it was conceded that the issue was whether the verdict was against the weight of the evidence, not whether there was any impropriety in obtaining the identification evidence.

Notwithstanding the many contradictions in the testimony of the complaining witness, we do not conclude that the verdict was against the weight of the evidence. Having weighed the relative probative force of conflicting testimony and the relative strength of the conflicting inferences to be

drawn therefrom *(see, People v Bleakley,* 69 NY2d 490, 495), we do not find that "the trier of fact has failed to give the evidence the weight it should be accorded".

Although the conduct of the prosecutor was objectionable, the court reprimanded her firmly and promptly *(see, People v Galloway,* 54 NY2d 396, 399), and such conduct was not so egregious as to deprive defendant of a fair trial. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—rape, first degree; burglary, second degree.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.