■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SUAREZ, Appellant.—

The defendant was charged and tried with codefendants Riccardo Lopez and Alex Cruz as accomplices in a youth gang shooting and related offenses which culminated in the death of a bystander, eight-year-old Edgar Gonzales *(see, People v Lopez,* 158 AD2d 623 [decided herewith]).

Prior to his arrest, the defendant had voluntarily accompanied Sergeant Patrick Hughes to the police station. At the outset, the defendant's presence at the station was voluntary, not custodial. However, there came a point when Sergeant Hughes photographed the defendant and used this photo in subsequent photographic identification procedures.

The defendant argues, *inter alia,* that the out-of-court identifications made by witnesses to the incident should have been suppressed at trial on the ground that they were the product

of his illegal arrest. He further charges that the out-of-court identifications tainted the in-court identification.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We cannot conclude that at the moment Sergeant Hughes took the defendant's photograph, the defendant's presence at the station became custodial. Nor were the subsequent lineup identifications unduly suggestive. We note that the witnesses who identified the defendant in court had an independent source for their identifications.

The defendant also attributes prejudicial error to certain of the prosecutor's remarks on summation. We find, however, that none substantially prejudiced the defendant's trial or exceeded the bounds of permissible rhetorical comment (see, People v Galloway, 54 NY2d 396).

We have examined the defendant's remaining contentions and find that they are without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.