■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY CRUZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered August 31, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the prosecutor should not have asked the codefendant if he had ever previously killed anyone at the defendant's request, a prompt objection to that question was sustained and the codefendant did not answer. This single isolated question did not deprive the defendant of a fair trial, and a new trial is not warranted (see, People v Levy, 140 AD2d 630; People v Wallace, 139 AD2d 788; People v Keith, 136 AD2d 657; People v Galloway, 54 NY2d 396, 401).

The defendant asserts that the the trial court erred when it declined to grant the defendant's motion for a mistrial on the ground that the jury had been prejudiced by an outburst by a

spectator, apparently the victim's grandmother, during the course of the trial. The court, with counsel for all parties present, immediately examined each juror and alternate individually and determined that of the few who had heard the substance of the spectator's comments, none had been prejudiced thereby. Additionally, even though the entire panel had heard a commotion, all of the members of the panel indicated their continued ability to remain impartial. Under these circumstances, the trial court did not err in declining to grant the motion for a mistrial *(see, People v Pollard,* 150 AD2d 397, 398; *People v Pantoliano,* 127 AD2d 857; *People v Sims,* 110 AD2d 214, 225; *People v Goldfeld,* 60 AD2d 1).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Under the circumstances of this case involving the senseless murder of an innocent victim primarily at the defendant's instigation, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80, 81; *see, People v Sanchez,* 131 AD2d 606, 609).

We have considered the defendant's remaining contention and find it to be without merit. Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.