■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MARTINO, Appellant.—Judgment of the Supreme Court, New York County (Rena K. Uviller, J.), rendered on December 22, 1987, convicting defendant after a jury trial of criminally negligent homicide and leaving the scene of an accident without reporting and sentencing him to consecutive indeterminate terms of imprisonment of 1⅓ to 4 years, unanimously affirmed.

Defendant contends that certain comments by the prosecutor during summation violated his right to due process. Defendant raised general objection to some of the comments and no objection to others. Thus, he has failed to preserve his present claim for review. Were we to reach defendant's claim, in the interest of justice, we would nonetheless affirm, finding

it to be without merit *(People v Galloway,* 54 NY2d 396, 401). In this trial of some length, the prosecutor's isolated remarks, even if error, were harmless error.

In a supplemental brief the defendant further argues that his absence, prior to jury selection, when counsel moved to amend the indictment, entitles him to a new trial. Assuming that his absence resulted from a misunderstanding, there has been no showing of prejudice. In *People v Mullen* (44 NY2d 1, 5 [1978]), the court stated that "[c]ommon sense dictates that substantial performance of [a defendant's right to be present] is sufficient." Concur—Murphy, P. J., Milonas, Kassal and Wallach, JJ.