■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Robert M. Haft, J.), rendered April 28, 1987, convicting defendant, after a jury trial, of two counts of robbery in the first degree and two counts of robbery in the second degree and sentencing him to concurrent indeterminate terms of 4 to 12 years' imprisonment on each count, unanimously affirmed.

At about 3:30 P.M. on December 22, 1986, three high school students boarded the crowded last car of an uptown number 6 train on their way home from school. As the train traveled north, they were approached by two men who robbed two of the boys at gunpoint with what turned out to be an imitation pistol. The gunman took a jacket, rope bracelet and two medallion chains from one boy and the other robber, later identified as defendant, snatched a chain from the other boy's neck. When the train pulled into the 86th Street station, the conductor was alerted, the train held in the station and defendant was pointed out and arrested. The gunman fled into the subway tunnel and was not apprehended.

At trial, defendant testified on his own behalf and admitted being at the scene of the robbery but denied being a participant, claiming that, after the robber fled, he picked up the

stolen chain and secreted it in his waistband, where it was found during a postarrest precinct house search.

On cross-examination, when the prosecutrix asked if he mentioned anything about the chain until the police officer discovered it, defense counsel objected and the court stated that the prosecutrix could ask when the chain was discovered. The subsequent question "Did you ever volunteer that chain to the police officer?" was objected to and the court instructed the trial assistant not to use the word "volunteer". The court then asked: "Did you ever give the chain to the police officer until they found it?", to which the defendant replied in the negative. No further objection was made and no request for a curative instruction was given. Moreover, in summation, there was no reference to defendant's pretrial silence.

While the use of evidence of a defendant's pretrial silence for impeachment purposes cannot be justified in the absence of unusual circumstances *(People v Conyers,* 52 NY2d 454, 459), the cross-examination of defendant does not warrant reversal.

Implicit in the colloquy was the sustaining of the defense objections and absent any request for a curative instruction, no error is demonstrated. Moreover, it was actions not speech that were questioned. We have considered defendant's other contentions and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Smith, JJ.