■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS LIZARDI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered May 16, 1983, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that a showup was the fruit of an illegal arrest is without merit. After an eyewitness identified the defendant's photograph from a photographic array and stated that he had seen the defendant in his building on several occasions, detectives went to the defendant's home and asked if he would answer some questions regarding the murder of the victim. The defendant voluntarily accompanied the detectives to the precinct. He was not handcuffed or restrained in any manner. As the defendant was being led to an

interview room in the precinct, he was intentionally "walked * * * right by" the squad room of the precinct where an eyewitness recognized him. The defendant was not in police custody at the time since "a reasonable man, innocent of any crime, would have thought" that he was free to leave the precinct *(People v Day,* 150 AD2d 595, 599). Similarly without merit is the defendant's contention that a lineup, rather than a showup, should have been utilized. Since the eyewitness stated that he had seen the defendant in his building on several prior occasions, "the showup procedure used was 'merely confirmatory' so that the 'issue of suggestiveness is not relevant' " *(People v Timmons,* 138 AD2d 428, quoting from *People v Johnson,* 124 AD2d 748, 749).

At trial, an eyewitness testified that the defendant, the codefendant and a third man approached the victim and that the codefendant pushed a gun into the victim's face. The victim pushed the codefendant and the defendant shouted "Shoot him, shoot him". The victim grabbed the codefendant and the defendant shot and killed the victim. Viewing this evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Cruz,* 160 AD2d 893; *People v Underwood,* 126 AD2d 584).

The defendant's contention that an eyewitness's prior mistaken identification of the gunman undermines his credibility is without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Here, one eyewitness made an in-court identification of the defendant as the individual who ordered the codefendant to shoot the victim. The defendant also passed within 3 to 4 feet of a second eyewitness under good lighting conditions just prior to the shooting. The second eyewitness recognized the defendant because he had seen the defendant in his building on approximately 15 prior occasions. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the court erred in failing to declare a mistrial after a disturbance in the jury room is without merit. Although the sound of breaking glass and

objects being thrown could be heard from the jury room, the jurors deliberated for approximately two hours after the incident before reaching a partial verdict and, therefore, "had several opportunities to communicate directly with the court if any of them felt unfairly coerced, harassed, intimidated, or felt themselves to be in physical danger" *(Jacobson v Henderson,* 765 F2d 12, 15). Additionally, the jury's failure to convict the defendant on a homicide count related to the death of a second victim strongly suggests that the partial verdict was not the result of coercion *(see, People v Adams,* 123 AD2d 355).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.