■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT QUILES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered August 31, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the requisite intent to support his conviction of murder in the second degree was not established by legally sufficient evidence. In this regard, the defendant asserts that he had no intention of firing the shot that killed the victim and that the weapon he was holding discharged "accidentally".

At trial, evidence was adduced to the effect that the defendant, upon the request of his accomplice Harry Cruz, carried a loaded pistol to the scene of the shooting. At the scene, the defendant and a second accomplice pummeled the victim with their fists. Then, the defendant drew the gun and, swinging his arm, hit the victim with the weapon. During this time, Cruz was shouting "Shoot him" or words to that effect. According to the victim's sister, the defendant then aimed the gun at the victim and shot him. A ballistics expert who examined the weapon used in the shooting found that its safety mechanism was operable and that seven to seven and one-half pounds of pressure was required to pull the trigger and fire the weapon.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it

is legally sufficient to establish the defendant's guilt, including the element of intent *(see, People v Cruz,* 160 AD2d 893; *People v Underwood,* 126 AD2d 584). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

"Under the circumstances of this case involving the senseless murder of an innocent victim" *(People v Cruz, supra,* at 894), the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.