■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS ROMERO, Appellant.—Judgment, Supreme Court, Bronx County (Emily Jane Goodman, J.), rendered October 17, 1989, by which defendant was convicted, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the third degree, and one count of loitering in the first degree and sentencing to concurrent terms of two terms of 4½ to 9 years, one term of 5 to 10 years, and time served, respectively, unanimously affirmed.

The defendant was arrested as a result of the activity of the members of the Street Narcotics Enforcement Unit on April 17, 1989 in the vicinity of 183rd Street and Walton Avenue in the Bronx. Police officers in a rooftop observation post, using high powered binoculars, observed the defendant selling narcotics to various individuals. Two of the buyers were apprehended, and a quantity of heroin was recovered from the buyers and from the windshield area of the car on which the defendant at times sat while transacting the sales.

The only argument raised by the defendant on appeal is that the prosecutor on summation repeatedly vouched for the testimony of the police witnesses, misstated the applicable law, and mischaracterized the defense by arguing that it was defendant's contention that he was framed. Review of the prosecutor's summation shows that while the prosecutor made certain improper statements, the court sustained the defense counsel's objections and gave prompt and accurate curative instructions after each sustained objection. Moreover, on the whole the summation, when viewed in the light of the defense summation, does not warrant reversal, and was proper comment in view of the fact that defendant's counsel on a number of occasions inferred that the police were "framing" the defendant. (See, People v Galloway, 54 NY2d 396, 398.) Concur —Murphy, P. J., Milonas, Ross and Rubin, JJ.