■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM POPE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered January 9, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after a police officer observed him selling crack-cocaine in the hallway of an apartment building. At trial, both the arresting officer and his partner testified that they were in the building to investigate a report of a "drug related" shooting.

The defendant asserts that the reference to a "drug related" shooting deprived him of a fair trial. Since no objection was raised at trial with respect to this issue, any claim of error is not preserved for appellate review (CPL 470.05 [2]). In any event, the limited reference to a "drug related" shooting merely served to complete the narrative of the events leading up to the defendant's commission of the charged offense and was therefore admissible *(see, People v Green,* 170 AD2d 530; *People v Davis,* 169 AD2d 774, 775).

Also meritless is the defendant's claim that he was deprived of a fair trial by a remark the prosecutor made while cross-examining the alleged purchaser of the crack-cocaine, who testified for the defense. After the purchaser denied that the defendant was the one who sold him the crack, the prosecutor asked: "Isn't it a fact that the reason that you are testifying is because you don't want your drug supplier to go to jail; isn't that the fact, that the reason you are testifying?" An objection to this question was sustained and it went unanswered. Since the defendant did not thereafter move for a mistrial or express any dissatisfaction with the court's ruling, his claim of prejudice is not preserved for appellate review *(see, People v Medina,* 53 NY2d 951; *People v Cruz,* 147 AD2d 584, 584-585; *People v Lewis,* 140 AD2d 714). In any event, this one unanswered question did not deprive the defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Cruz,* 160 AD2d 893; *People v Keith,* 136 AD2d 657).

Most of the other instances of alleged prosecutorial misconduct are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina, supra).* In any event, considered cumulatively the alleged instances of misconduct did not deprive the defendant of a fair trial *(see, People v Galloway, supra; cf., People v Brazzeal,* 172 AD2d 757). Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.