Keith REARDON, Petitioner–Appellant,

v.

Frederick RICHARDSON, Superintendent, Cayuga Correctional Facility, and Robert Abrams, Attorney General of the State of New York, Respondents–Appellees.

No. 921, Docket 91–2271.

United States Court of Appeals,
Second Circuit.

Argued Jan. 30, 1992.

Decided Feb. 4, 1992.

Marjorie M. Smith, The Legal Aid Soc., Federal Defender Services Appeals Unit, New York City, for petitioner-appellant.

Jay L. Weiner, Asst. Dist. Atty., Kings County (Charles J. Hynes, Dist. Atty., Kings County, Jay M. Cohen, Shulamit Rosenblum, Asst. Dist. Attys., Kings County, Brooklyn, N.Y., of counsel), for respondents-appellees.

Before WINTER, PRATT and MAHONEY, Circuit Judges.

PER CURIAM:

Keith Reardon appeals from Judge Korman's denial of his petition for a writ of habeas corpus based on his claim that a pattern of prosecutorial misconduct deprived him of a fair trial in the New York state courts. The district court held that this claim had been procedurally defaulted because his trial counsel had failed (1) to move for a mistrial and (2) to seek more forceful curative instructions on those issues as to which his objections had been sustained.

In *People v. Medina*, 53 N.Y.2d 951, 441 N.Y.S.2d 442, 424 N.E.2d 276 (1981), the New York Court of Appeals held that, where improper remarks by the prosecutor are alleged, defendant's failure to request appropriate instructions or a mistrial bars appellate review of such claims. A substantial line of New York cases applies this rule. Reardon argues that New York's case law does not impose a procedural bar to appellate review where there has been a pattern of prosecutorial misconduct—as opposed to discrete instances—allegedly resulting in an unfair trial. We disagree.

Reardon relies on *People v. Galloway*, 54 N.Y.2d 396, 446 N.Y.S.2d 9, 430 N.E.2d 885 (1981), for the proposition that, even in the absence of a motion for a mistrial, a claim that there has been a pattern of prosecutorial misconduct is reviewable on appeal. This is a misreading of *Galloway*. *Galloway* employed a piecemeal analysis of multiple allegations of prosecutorial misconduct. It found several such claims unpreserved because no motion for mistrial had been made. It found one such claim to be preserved but concluded that the prosecutor's conduct was harmless. It dismissed others, the subject of which it did not identify, as "unpreserved or without merit." 54 N.Y.2d at 401, 446 N.Y.S.2d 9, 430 N.E.2d 885. *Galloway* thus provides no support for the view that a claim of a pattern of prosecutorial misconduct need not be preserved in the trial court.

Reardon meets no greater success in his reliance upon *People v. Jalah*, 107 A.D.2d 762, 484 N.Y.S.2d 116 (2d Dept.1985), a decision he describes as deciding the merits of an unpreserved prosecutorial misconduct claim. However, *Jalah* held that the failure to ask for a mistrial indicated counsel's satisfaction with curative instructions given by the trial court. It thus cannot be considered a decision on the merits.

We therefore agree that the prosecutorial misconduct claim has been procedurally defaulted. Under *Harris v. Reed*, 489 U.S. 255, 260–61, 109 S.Ct. 1038, 1041–42, 103 L.Ed.2d 308 (1989), that default constituted an adequate and independent state ground barring federal review. There has been no showing of either cause or prejudice, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986), or of a fundamental miscarriage of justice, *id.* at 495–96, 106 S.Ct. at 2649–50, and we affirm.