■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BOWIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered July 24, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after selling four vials of crack cocaine to an undercover officer during a so-called "buy and bust" operation. At trial, the undercover officer testified that before purchasing crack cocaine from the defendant he had observed the defendant sell crack cocaine to an unidentified man in front of him.

The defendant's contention that he was deprived of a fair trial because of the court's failure to instruct the jury to limit their consideration of this evidence to the issue of the defendant's intent with respect to the count charging criminal possession of a controlled substance with the intent to sell is not preserved for appellate review (see, CPL 470.05 [2]). The defendant neither objected to this testimony, nor requested that the court give the jury a limiting instruction concerning the undercover officer's testimony about the uncharged drug sale. In any event, any error was harmless in light of the overwhelming evidence of the defendant's guilt (People v Crimmins, 36 NY2d 230).

The remarks by the prosecutor during summation were in fair response to those by defense counsel (see, People v Galloway, 54 NY2d 396). The defendant's remaining contentions are not preserved for appellate review (see, CPL 470.05 [2]), and, in any event, do not require reversal. Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.