■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINA BLAKE, Appellant.—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered April 4, 1990, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing her to a term of imprisonment of 4 to 12 years, unanimously affirmed.

The victim was fatally stabbed by the defendant with a pen in a store following an altercation in which defendant complained that the victim was speaking too loudly.

Defendant's claim that the prosecutor improperly used her pretrial silence to impeach her trial testimony is unpreserved for appellate review and we decline to reach it in the interest

of justice *(People v Fleming,* 70 NY2d 947). Were we to consider this claim, we would find it to be without merit. The prosecutor asked defendant if she had contacted the police or called for assistance immediately after the stabbing in an effort to refute defendant's testimony that she was concerned for the welfare of the victim after she had accidentally stabbed him *(see, People v De George,* 73 NY2d 614, 621). Moreover, it was actions, and not speech that were questioned *(People v Johnson,* 166 AD2d 189, 190, *lv denied* 77 NY2d 962).

Defendant also contends that the prosecutor's comments during summation were so prejudicial as to deprive her of a fair trial. Only one of the comments was objected to in the form of an unelaborated general objection which was insufficient to preserve defendant's claims for appellate review. (CPL 470.05 [2]; *People v Fleming, supra.)* In any event, a review of the record reveals that the summation was a fair response to comments made by defense counsel in his summation. Accordingly, the comments did not exceed the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396). Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.