■ The People of the State of New York, Respondent, v Lloyd Rose, Appellant. [606 NYS2d 684] —Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered July 11, 1991 which convicted defendant, after a jury trial, of robbery in the second degree and petit larceny, and sentenced him to concurrent terms of 3⅓ to 10 years and 1 year, respectively, unanimously affirmed.

The court did not denigrate the defense when it questioned defendant about his production of an unmarked piece of evidence produced during defendant's in-court demonstration of a swindle he practiced upon the victim. In this regard, the court acted reasonably in an effort to clarify the demonstration, which consisted of other similar evidence already introduced (see, People v Yut Wai Tom, 53 NY2d 44, 55).

Defendant claims he was denied due process because the prosecutor during cross-examination asked him whether he knew where his partner was and whether his partner knew if defendant had been arrested, and because the prosecutor asked rhetorically during summation where defendant's partner was. The court's instruction with respect to the People's burden of proof sufficed to eliminate any prejudice (People v Hagi, 169 AD2d 203, 216, lv denied 78 NY2d 1011). With respect to defendant's summation claim, "[t]he prosecutor's use of rhetorical questions to note the absence of a central figure in the defense case did not assign an obligation to defendant to produce the witness" (People v Smith, 190 AD2d 522).

Finally, defendant claims that the court improperly questioned him about his wife and children. This claim is unpreserved for review (CPL 470.05), and we decline to review it in the interest of justice. Were we to do so we would find that defendant opened the door by testifying about his family. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Tom, JJ.