■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO CANTEL, Also Known as EDUARDO CANCEL, Appellant. [621 NYS2d 869] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered November 26, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

To the extent defendant entered appropriate objections during the prosecutor's summation, the trial court sustained them and, *sua sponte,* instructed the jury regarding the burden of proof. Those instructions were repeated and expounded upon during the main charge to the jury. Thus, any possible prejudice to defendant arising from the prosecutor's summation comments was effectively eliminated by the trial court's instructions *(see, People v Rose,* 200 AD2d 514, *lv denied* 83 NY2d 876). In all other respects, the prosecutor's summation comments constituted appropriate response to the defense summation *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396).

Defendant did not request a specific jury charge that the People must prove identification beyond a reasonable doubt, and thus failed to preserve his current claim of error (CPL 470.05; *People v Serrano,* 170 AD2d 269, *lv denied* 77 NY2d 1000). In any event, there was no real identification issue in this case, and the court's charge to the jury included instruction that the indictment of defendant in this case did not constitute evidence of his guilt, that the jury must make credibility determinations regarding the testimony presented, that defendant had no burden of proof, and that the presumption of defendant's innocence would be overcome only by the People's satisfaction of their burden to prove defendant's guilt of the crime charged beyond a reasonable doubt. The charge,

taken as a whole, conveyed to the jury that the prosecution had the burden of proving identification beyond a reasonable doubt *(see, People v Perez,* 164 AD2d 839, *affd* 77 NY2d 928). Concur—Murphy, P. J., Rosenberger, Williams and Tom, JJ.