■ In the Matter of BRIAN McNEIL, Appellant, v WILLIAM BRATTON et al., Respondents. [624 NYS2d 813] —Orders, Supreme Court, New York County (Lewis Friedman, J.), entered on May 11, 1993 and September 19, 1994, respectively, unanimously affirmed for the reasons stated by Friedman, J., without costs and disbursements. No opinion. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEAMON MILLS, Appellant. [623 NYS2d 588] —Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered November 16, 1992, convicting defendant, after a jury trial, of criminal sale and possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, unanimously affirmed.

Defendant's contention that he was deprived of a fair trial by the testimony of a police officer that he observed two or three persons approach defendant and "engage[ ] in transactions", is unpreserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Williams,* 70 NY2d 946), and we decline to review it in the interest of justice. If we were to review it, we would find that this evidence of uncharged drug sales was properly admitted to establish that defendant possessed the heroin with the intent to sell *(People v Alvino,* 71 NY2d 233, 245). Concerning the People's summation, the challenged comments were fair responses to defendant's arguments *(People v Galloway,* 54 NY2d 396, 399). Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Mazzarelli, JJ.