■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LUMPKIN, Appellant. [624 NYS2d 821] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered August 5, 1993, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

The court properly disallowed a peremptory challenge by the defense. After the People undisputedly made out a prima facie case of racial discrimination, the court found that defendant's purported race-neutral explanation for his challenge of a juror was pretextual, and that factual finding is entitled to great deference (*People v Hernandez*, 75 NY2d 350, 356-357, *affd* 500 US 352).

The People's summation was a proper response to defense arguments, and stayed within the broad bounds of permissible advocacy (*People v Galloway*, 54 NY2d 396, 399). In any event, nothing in the People's summation could have deprived defendant of a fair trial, given the overwhelming evidence of guilt,

particularly on the issue of knowing possession of stolen property *(see, People v Galbo,* 218 NY 283, 290). Concur—Sullivan, J. P., Wallach, Asch, Nardelli and Williams, JJ.