■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONZO FAULK, Appellant. [623 NYS2d 875] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 3, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and, sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), there was sufficient evidence as a matter of law from

which the jury could conclude beyond a reasonable doubt that defendant sold cocaine to the undercover officer and was not acting merely as that officer's purchasing agent in the transaction *(People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935). Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490, 495).

Contrary to defendant's contention that the prosecutor acted as an unsworn witness, we find that the prosecutor's summation comment about the crack pipe, which defendant allegedly had, was a fair response to defense counsel's summation *(People v Galloway,* 54 NY2d 396, 399).

Defendant also argues that he was denied a fair trial by the undercover officer's testimony, which explained that, the words "Are you working?", meant "Are you selling?" Since defendant did not object to that testimony at trial, this issue has not been preserved for appellate review, as a matter of law (CPL 470.05 [2]; *People v Figueroa,* 208 AD2d 452), and we decline to review it in the interest of justice. If we were to review, we would find it meritless, since the testimony of the officer helped to provide the jury with an understanding of the officer's actions and did not unduly prejudice defendant *(People v Ramos,* 192 AD2d 324, *lv denied* 81 NY2d 1078).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.