■ INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent, v FRED BARNETAS et al., Defendants, and JOHN BIAS et al., Appellants and Third-Party Plaintiffs, et al., Third-Party Defendants. [624 NYS2d 833] —Order, Supreme Court, New York County (Herman Cahn, J.), entered February 23, 1994, unanimously affirmed for the reasons stated by Cahn, J., with costs and disbursements. No opinion. Concur—Ellerin, J. P., Wallach, Kupferman, Asch and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS HENDERSON, Appellant. [624 NYS2d 416] —Judgment, Supreme Court, Bronx County (Irene Duffy, J.), rendered March 10, 1992, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of 6 months imprisonment and 4½ years probation, unanimously affirmed.

While much of the People's summation would have been better left unsaid, the summation generally remained within the broad bounds of permissible advocacy *(People v Galloway,* 54 NY2d 396, 399). In any event, any errors with respect to the summation were harmless beyond a reasonable doubt in view of the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230). The only issue was justification, but even defendant's own testimony failed to support that defense.

While defendant's request to play a tape recording for the benefit of the jury should have been granted, the error was harmless, because the contents and existence of the tape were undisputed and already known to the jury, because the tape related to a marginal issue, and because, as noted, the evidence of guilt was overwhelming.

We find defendant's remaining contentions to be without merit. Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.