THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORRELL WHYTE, Appellant. [645 NYS2d 292]

Defendant's claims of prosecutorial misconduct are for the most part unpreserved. In any event, review of the record indicates that the prosecutor's conduct of the trial did not deprive defendant of his right to a fair trial (*see, People v Galloway*, 54 NY2d 396). When viewed in context, the prosecutor's summation comments for the most part constituted appropriate response to the defense summation (*People v Marks*, 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the ev-

idence, presented within the broad bounds of rhetorical comment permissible in closing argument (*People v Galloway, supra*).

The available record indicates that in addition to securing a pretrial suppression hearing in connection with identification testimony, defense counsel thoroughly cross-examined the People's witnesses, presented numerous witnesses to provide alibi testimony, and offered cogent closing and opening arguments, all in support of a misidentification defense. In these circumstances, defendant received meaningful assistance of counsel (*People v Baldi*, 54 NY2d 137). Hindsight or mere differences in connection with professional judgment of counsel do not "translate" into ineffective assistance of counsel (*People v Flores*, 84 NY2d 184, 189). Concur—Sullivan, J. P., Rosenberger, Rubin, Nardelli and Williams, JJ.