■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GATES, Appellant. [652 NYS2d 517]—Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered September 14, 1994, convicting defendant, after a jury trial, of robbery in the second degree and resisting arrest, and sentencing him, as a persistent violent felony offender, to concurrent prison terms of 8 years to life and 1 year, respectively, unanimously affirmed.

The evidence was legally sufficient to establish that defendant took the complainant's money with the aid of accomplices. Upon an independent review of the facts, we find the verdict was not against the weight of the evidence. The issues raised by defendant regarding inconsistencies in testimony were properly placed before the jury, and we find no reason to disturb its determination.

Contrary to defendant's contention, the jury selection process did not violate CPL 270.15 (*People v Alston*, 88 NY2d 519). The challenged portions of the People's summation were fair responses to the arguments made by defense counsel, and did not exceed the broad bounds of rhetorical comment permissible in closing argument (*People v Galloway*, 54 NY2d 396, 399). Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHERYL CUMMINGS, Appellant. [652 NYS2d 522] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered December 9, 1994, convicting defendant, upon her guilty plea, of two counts of grand larceny in the fourth degree, and sentencing her as a second felony offender to consecutive terms of 2 to 4 years, unanimously affirmed.

Defendant's claims that the court's rulings and conduct coerced her into taking the plea are unpreserved because her motion to withdraw her plea was made on other grounds. In any event, the record establishes that her guilty plea was voluntarily, knowingly and intelligently made on favorable terms, and that the plea was not coerced by the court's conduct and rulings. Moreover, defendant's plea allocution did not negate any element of the crime. The court properly denied defendant's motion to withdraw her plea, made on the basis of events at the co-defendant's trial, since such events had no effect on the validity of defendant's plea. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Andrias, JJ.