██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BOONE, Appellant. [925 NYS2d 512]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered July 26, 2004,

convicting him of attempted murder in the second degree, gang assault in the first degree, assault in the first degree, burglary in the first degree, and criminal possession of a weapon in the fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial of the defendant and Anthony Thomas, a codefendant, the complainant had been offered protection for himself and his family as a result of an alleged attempt of witness tampering. The defense learned of the protection during the trial. After the defendant was convicted, the Supreme Court found a *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) and ordered a new trial. On the People's appeal, this Court reversed, determining that the *Brady* claim, and other claims related to the prosecutor's summation, were unpreserved for appellate review, and the comments on summation did not warrant a new trial under CPL 330.30 (*see People v Thomas*, 8 AD3d 303 [2004]). The matter was therefore remitted to the Supreme Court, Queens County, for sentencing, and this appeal ensued.

This Court's rejection on the prior appeal of the defendant's claims relating to a *Brady* violation, and two summation comments referring to the complainant as a rape victim who could never go home again, " 'constitutes the law of the case, and, absent a showing of "manifest error" in the prior decision or that "exceptional circumstances exist warranting departure from the law of the case doctrine," the defendant is precluded from having [these] issue[s] reconsidered' " (*People v Riley*, 22 AD3d 609, 610 [2005], quoting *People v Martinez*, 194 AD2d 741, 741-742 [1993]; *People v Barnes*, 155 AD2d 468, 469 [1989]). Under the circumstances here, there is no basis to reconsider those issues.

The defendant's new arguments regarding alleged prosecutorial misconduct during summation and those relating to the introduction of an in-court identification are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dien*, 77 NY2d 885 [1991]; *People v Nuccie*, 57 NY2d 818 [1982]), and, in any event, are without merit both as to the alleged errors during summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Russo*, 201 AD2d 512 [1994], *affd* 85 NY2d 872 [1995]) and the introduction of the in-court identification (*see People v Lizardi*, 166 AD2d 672, 673 [1990]; *People v Wilcox*, 106 AD2d 526 [1984]; *People v Royster*, 104 AD2d 1011 [1984]). Dillon, J.P., Balkin, Eng and Roman, JJ., concur.