■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM ARNOLD, Appellant. [957 NYS2d 885]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered April 8, 2010, convicting him of attempted murder in the second degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree (two counts), after a nonjury trial, and sentencing him to concurrent determinate terms of imprisonment of 25 years, 15 years, 15 years, and 15 years, respectively.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the conviction of attempted murder in the second degree from a determinate term of imprisonment of 25 years to a determinate term of imprisonment of 20 years; as so modified, the judgment is affirmed.

The defendant contends that the verdict was against the weight of the evidence because the People failed to prove the element of intent to kill and because the testimony of the prosecution witnesses was not credible. Upon reviewing the record, however, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]; *People v Norris*, 98 AD3d 586 [2012]; *see also People v Alexis*, 65 AD3d 1160 [2009]; *People v Hansen*, 290 AD2d 47 [2002], *affd* 99 NY2d 339 [2003]; *People v Quiles*, 172 AD2d 859 [1991]).

The defendant's contention that the prosecutor exceeded the scope of the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is unpreserved for appellate review, and, in any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see People v Grant*, 7 NY3d 421, 424-425 [2006]; *People v Rivers*, 85 AD3d 826 [2011]).

The sentence imposed was excessive to the extent indicated herein. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.