People v Evans (2023 NY Slip Op 03566)

People v Evans

2023 NY Slip Op 03566

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

55 KA 17-01339

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JORDAN EVANS, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered February 28, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to an indeterminate term of incarceration of 20 years to life and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law
§ 125.25 [1]). Contrary to defendant's contentions, we conclude that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and that the verdict, viewed in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant's further contention that he was denied a fair trial based on prosecutorial misconduct (see generally People v Galloway, 54 NY2d 396, 401 [1981]). Contrary to defendant's additional contention that he was deprived of effective assistance of counsel by several purported failures on the part of defense counsel, we conclude, after viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). We further conclude that, contrary to defendant's contention, he was not deprived of a fair trial by the cumulative effect of the various alleged errors raised on appeal (see generally People v Neil, 188 AD3d 1765, 1767 [4th Dept 2020], lv denied 36 NY3d 1058 [2021]).
We agree with defendant, however, that his sentence is unduly harsh and severe. Defendant, who was 17 years old at the time of the crime, was sentenced to an indeterminate term of incarceration of 23 years to life, to run consecutively to two concurrent terms of incarceration imposed on a separate conviction of weapon possession charges, the longer of those terms being a determinate eight-year term. At sentencing, the People requested with respect to the murder conviction in this case that a consecutive indeterminate term of incarceration of 20 years to life be imposed. We conclude that the sentence requested by the People is more appropriate than the one imposed by Supreme Court, and we therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence to an indeterminate term of incarceration of 20 years to life (see CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783 [1992]), which will continue to run consecutively to the terms of incarceration imposed on the conviction of the weapon possession charges.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court