■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PEARSON, Also Known as PEARSON CHARLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered July 20, 1983, convicting him of murder in the second degree, attempted murder in the second degree, robbery in the first degree (two counts), and assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although the defendant challenges several of the remarks made by the prosecutor during summation, contending that

they deprived him of a fair trial, we find no basis to conclude that the trial court erred in denying defendant's motion for a mistrial on this ground. We note that a number of the challenged remarks were made by the prosecutor in response to comments made by the defense counsel during his summation, and were within the bounds of permissible argument *(see, People v Galloway,* 54 NY2d 396, 399). Also, the court promptly ruled on the defendant's objections to certain comments, sustaining several of the objections and timely curing any possible prejudice by promptly giving instructions to the jury. Moreover, in view of the overwhelming evidence of the defendant's guilt, any error resulting from those remarks was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242).

We also conclude that the trial court properly denied defense counsel's request to charge the jury on the affirmative defense to felony murder under Penal Law § 125.25 (3). There is no evidence in the record to support the defendant's claim that he was entitled to such a charge (Penal Law § 25.00 [2]). Rather, the record demonstrates that the defendant knew that two of his companions were armed with weapons and intended to rob the victims. Accordingly, the requirements of Penal Law § 125.25 (3) (c) and (d) were not met.

As the People correctly point out, the defendant's claim that his sentence was excessive is lacking in merit, since he received the minimum sentence authorized by law (Penal Law § 70.00 [2] [a]; [3] [a] [i]).

We have considered the defendant's remaining contentions and find that they were either not properly preserved for appellate review or are without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.