■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PAGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 29, 1983, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the second and third statements made by him to the police, though preceded by full *Miranda* warnings, were nonetheless tainted by his earlier statement that was suppressed. There was no evidence adduced at the suppression hearing to support the defendant's contention that the two later statements were involuntarily given on constraint of his first statement (the "cat-out-of-the-bag" theory) *(see, People v Tanner,* 30 NY2d 102, 106-107); nor can the later two statements be considered the product of "a single continuous chain of events", as the defendant was not subject to continuous and custodial interrogation and was free to leave until the second statement was given *(see, People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112, 114-115).

Turning to merits of the conviction, the defendant's knowledge, as related by him during his videotaped statements that his accomplices who actually committed the homicidal act were armed, virtually precluded any chance of successfully raising the affirmative defense to felony murder *(see,* Penal Law § 125.25 [3] [c]). Accordingly, we find no merit to the defendant's contention that the failure of his trial counsel to argue this defense deprived him of effective assistance of counsel. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.