■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAVID WADLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 30, 1985, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

According to the evidence adduced on behalf of the People, Jose Torres, a student at Thomas Jefferson High School in Brooklyn, was accosted at 1:30 P.M. by the defendant and two other males whom he had moments before observed standing in the hallway. Torres was grabbed from behind by the neck but upon turning his head, Torres observed the defendant holding a knife to his throat. The defendant then repeatedly punched Torres in the face and took property from him, including money and a mask Torres had made in art class. As Torres fled, he turned and saw the defendant placing the mask over his face.

The defendant, not then a student at the high school, took the stand and denied he was a participant in the incident. He testified that he was on school grounds on the date of the incident in order to pick up his diploma, that he left the school grounds at 1:25 P.M. and that he went home to briefly celebrate with his mother. Although he was not expected at and did not "punch in" for work until 4:00 P.M., the defendant, without corroboration, testified that he arrived at his place of employment at 1:30 P.M., where he spoke for the next three hours with his girlfriend, and a coemployee. A security guard at the high school, who acknowledged that he considered the defendant a friend, testified that the defendant exited the school building at 1:15 P.M.

We note that the issue of the witnesses' credibility and the weight to be afforded any inconsistency in their testimony is primarily within the province of the trier of fact (see, People v Di Girolamo, 108 AD2d 755, lv denied 64 NY2d 1133). Upon the exercise of our factual review power we are satisfied that the evidence adduced at the trial established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.