◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. MARINO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered July 2, 1985, convicting him of burglary in the second degree (four counts), and grand larceny in the second degree (three counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to certain detectives.

Ordered that the judgment is affirmed.

Two police officers, responding to a family disturbance call, went to the defendant's home and were invited in by the defendant's mother. While in the house, they witnessed a threatening outburst by the defendant and persuaded him to leave. The officers followed him into his room without objection while he got "his gear". The officers observed a quantity of drugs and drug paraphernalia in plain view in the defendant's room. The defendant was arrested on drug charges, which he does not challenge, and was advised of, and acknowledged that he understood, his *Miranda* rights. While awaiting

the arrival of a supervisor, the officers also noticed several jewelry boxes in an open closet. In response to questions by the officers, the defendant stated that they belonged to his brother and were the proceeds of burglaries. The defendant was not questioned further, but was taken to the police station.

Some six hours later, the defendant waived his *Miranda* rights and was questioned by detectives concerning the jewelry boxes. These boxes contained junk jewelry which was not connected to any burglaries. The defendant, however, admitted to participating in a number of burglaries and voluntarily took the detectives on a tour identifying the sites of numerous burglaries. Thereafter, the defendant signed four written statements acknowledging his participation in these burglaries.

Following a combined *Mapp-Huntley* hearing, the County Court suppressed the jewelry boxes and the statements made by the defendant in his room concerning burglaries, but did not suppress the statements made later in the day to the detectives. The defendant now argues that the improper police conduct in questioning the defendant in his room about the jewelry boxes so tainted the later proceedings as to require the suppression of the statements to the detectives. We disagree.

Assuming that the County Court was correct in suppressing the jewelry boxes and the statements concerning burglaries made to the officers in the defendant's room, that incident was terminated when the defendant was taken to the police station and placed in the lockup. It was not until several hours later that defendant was questioned by different police personnel after waiving his *Miranda* rights. Thus, there was not a continuous proceeding and there was a sufficient attenuation of any possible taint *(cf., People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112). Nor can the defendant maintain that the latter statements were made on constraint of his earlier suppressed statement under the "cat-out-of-the-bag" theory *(People v Tanner,* 30 NY2d 102, 106). The defendant well knew that his earlier statement that the jewelry boxes were the proceeds of burglaries was untrue. Furthermore, there was no evidence adduced at the hearing indicating that the suppressed statements made to the officers in the defendant's room had any effect on the detailed statements made hours later to different police *(see, People v Tanner, supra,* at 106; *People v Pagan,* 130 AD2d 687).

The defendant has failed to preserve his claim that his plea

was defective *(see, People v Pellegrino,* 60 NY2d 636). In any event, we find that the record reveals that the plea was voluntarily, knowingly and intelligently made *(see, People v Harris,* 61 NY2d 9). Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.