■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DRAKSIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered January 5, 1987, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that his guilt was not proved beyond a reasonable doubt is without merit. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), particularly the unequivocal testimony of the victim *(cf., People v Reed,* 64 NY2d 1144), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Insofar as the defendant's argument focuses upon alleged inconsistencies in the testimony of the prosecution witnesses, we note that minor discrepancies, as here, do not render the challenged testimony incredible as a matter of law *(see, People v DiGirolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133). The question of credibility was properly presented to the trier of fact, and we perceive no basis for disturbing its resolution of this issue *(see, People v*

*Harris,* 133 AD2d 649, 651; *People v Wadley,* 133 AD2d 239, 240; *People v Smith,* 124 AD2d 839, 840; *People v Russo,* 118 AD2d 740, *lv denied* 67 NY2d 1056).

The defendant also contends that the prosecutor's summation deprived him of a fair trial. Specifically, he argues that the prosecutor impermissibly vouched for the credibility of the complainant. However, the prosecutor's remarks must be evaluated in comparison with the summation of the defense counsel, which attacked the veracity of the People's witnesses. In light of the nature of the statements made by both attorneys in their summations, the comments made by the prosecutor in his summation were not unreasonable and did not deprive the defendant of a fair trial *(see, People v Street,* 124 AD2d 841; *People v Colon,* 122 AD2d 151). The propriety of the remarks which the defendant claims were improper because they referred to matters not in evidence or called upon the jury to draw a conclusion not fairly inferable from the evidence were either unpreserved for appellate review due to defendant's failure to make timely objection *(see,* CPL 470.05 [2]; *People v Dordal,* 55 NY2d 954) or must be deemed cured to the defendant's satisfaction by the court's prompt curative instruction *(see, People v Jalah,* 107 AD2d 762; *People v McDonald,* 125 AD2d 500). In any event, the unpreserved act of impropriety committed by the prosecutor when he stepped outside the four corners of the evidence and referred to a "code" of conduct among the Yugoslavian participants that was broken by the complainant does not warrant a new trial in the interest of justice. When the remark is read in context and in relation to the trial evidence, it does not suggest that the defendant was a gangster *(cf., People v Billingsley,* 74 AD2d 645).

Lastly, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.