■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GRAZIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered May 9, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that he was deprived of his right to a fair trial by the trial court's improper participation in the questioning of witnesses and improper jury charge. We disagree.

In order to preserve a claim that a trial court improperly participated in the questioning of witnesses and helped develop the prosecutor's case, counsel must object to the court's interference *(see,* CPL 470.05 [2]; *People v Robinson,* 137 AD2d 564). While we recognize that the failure to object might be excused where the court's participation is extreme *(see, People v Charleston,* 56 NY2d 886), such was not the case here. The trial court did not elicit incriminating evidence from several witnesses by its questioning, intrude into defense counsel's cross-examination of witnesses, lay foundations for the admission of evidence, or convey to the jury his disbelief of a witness *(cf., People v Tucker,* 89 AD2d 153, 154-157). Nor does the record indicate that objection would have been unavailing *(cf., People v Tucker, supra,* at 158).

With respect to the claim of error regarding the court's charge to the jury, we note that any claim of error of law with respect thereto is also unpreserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Whalen,* 59 NY2d 273; *People v Rivera,* 135 AD2d 755). In any event, the claim of error is without merit. The trial court's reference to a "search for the truth" did not hopelessly confuse the jury's understanding of the prosecutor's burden and the concept of reasonable doubt *(People v Sepulveda,* 105 AD2d 854, 857). When the instructions are viewed in their entirety *(see, People v Coleman,* 70 NY2d 817, 819; *People v Adams,* 69 NY2d 805, 806; *People v Goodfriend,* 64 NY2d 695, 697), it is apparent that they adequately conveyed to the jury the appropriate

standards. In addition, while the instructions concerning the distinction between intentional and accidental acts were lengthy, the court did not thereby minimize the significance of the more fundamental issue of whether the defendant acted with the requisite specific intent *(cf., People v Brown,* 129 AD2d 450).

We have considered the various contentions raised by the defendant's supplemental *pro se* brief, and find them to be either based upon alleged facts dehors the record, or without merit. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.