■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE DAVILA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 12, 1988, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Minor discrepancies in the descriptions of the armed robber given by the prosecution witnesses, each of whom identified the defendant at trial, were not sufficient to show that the witnesses' identification testimony was incredible as a matter of law *(see, People v Draksin,* 145 AD2d 500; *People v Di Girolamo,* 108 AD2d 755). Furthermore, contradictory testimony by the defense witness regarding the length of the defendant's hair at the time of the crime properly presented a question of credibility for the trier of facts *(see, People v Harris,* 133 AD2d 649; *People v Wadley,* 133 AD2d 239, 240; *People v Smith,* 124 AD2d 839, 840; *People v Russo,* 118 AD2d 740; *People v La Borde,* 76 AD2d 869). Resolution of issues of credibility as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

We also reject defendant's contention that the trial court erred in denying his timely request for a missing witness charge regarding the prosecutor's failure to call a witness who allegedly observed the perpetrators running to their getaway car and, thereafter, followed the getaway car for about five blocks. At the time of this incident, one of the prosecution witnesses who identified the defendant at trial was a passenger in the car driven by the uncalled witness. "Once the party

seeking the charge has established prima facie that an uncalled witness is knowledgeable about a pending material issue and that such witness would be expected to testify favorably to the opposing party, it becomes incumbent upon the opposing party, in order to defeat the request to charge, to account for the witness' absence or otherwise demonstrate that the charge would not be appropriate" *(People v Gonzalez,* 68 NY2d 424, 428). The People met their burden by demonstrating that the uncalled witness was not available *(see, People v Griffin,* 100 AD2d 659, 660) and, further, that the testimony would have been cumulative. Here there "was nothing to indicate that [his] testimony would have contradicted or added to that of the other witnesses" *(People v Almodovar,* 62 NY2d 126, 133), since the two eyewitnesses who did testify had both been in positions superior to that of the missing witness to observe the perpetrators and, therefore, to identify the defendant. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.