■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAILE M., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered June 24, 1988, adjudicating him a youthful offender, upon a jury verdict finding him guilty of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the defendant's conviction of burglary in the second degree from three months to time served, and by reducing the terms of imprisonment imposed on the remaining convictions from 30 days, respectively, to time served; as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

We find no merit to the defendant's contention that the People failed to prove his identity as the perpetrator of the crimes beyond a reasonable doubt. Viewing the evidence adduced at trial in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The discrepancy in the description of clothing worn by the burglar and that worn by the defendant at the time of his arrest did not render the identification testimony of the arresting officers incredible as a matter of law, since the officers had lost sight of the fleeing burglar for a short period prior to the defendant's apprehension, during which time the perpetrator had sufficient opportunity to shed his outer clothing. The accuracy of the police officers' identification of the defendant as the burglar they had briefly observed while fleeing the scene of the crime was a question of fact to be resolved by the jury *(People v Batts,* 111 AD2d 761).

Moreover, upon the exercise of our factual review power, we

find that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490). Insofar as the defendant's argument focuses upon alleged inconsistencies in the testimony of the prosecution witnesses, we note that these purported discrepancies do not render the challenged testimony manifestly perjurious or incredible as a matter of law. The questions of credibility as well as the weight to be given to the alibi defense were properly presented to the jury, and we perceive no basis for disturbing its resolution of these issues *(see, People v Draksin,* 145 AD2d 500; *People v Harris,* 133 AD2d 649; *People v Wadley,* 133 AD2d 239, 240; *see also, People v Bernier,* 111 AD2d 762).

Contrary to defendant's contention, the trial court did not err in admitting into evidence an inculpatory statement he allegedly made to the complainant while he was in custody, since there was no proof adduced that the complainant was an agent of the police or was acting either at the direction of or in cooperation with the police at the time the statement was purportedly made *(see, People v Horman,* 22 NY2d 378, *cert denied* 393 US 1057; *People v Miller,* 137 AD2d 626, 628; *People v Graham,* 120 AD2d 674).

The defendant also contends that the prosecutor's summation deprived him of a fair trial. However, the prosecutor's remarks must be evaluated in comparison with the comments made by the defense counsel questioning the veracity of the People's witnesses. In light of the nature of the statements made by the defense counsel on summation, the challenged remarks made by the prosecutor were not unreasonable and did not deprive the defendant of a fair trial *(People v Galloway,* 54 NY2d 396, 399; *People v Street,* 124 AD2d 841; *People v Pearson,* 118 AD2d 737).

The defendant's claim of error regarding the court's charge to the jury is without merit *(see, People v Graziano,* 151 AD2d 775). When the instructions are viewed in their entirety *(see, People v Coleman,* 70 NY2d 817, 819; *People v Adams,* 69 NY2d 805, 806), it is apparent that they adequately conveyed to the jury the appropriate standards, including the prosecutor's burden of proof and the concept of reasonable doubt *(see, People v Graziano, supra).*

In light of the personal background and character of the defendant *(see, People v Richard,* 65 AD2d 595), we find it appropriate to exercise our discretion in the interest of justice to modify the sentence by reducing the terms of imprisonment imposed to the time already served by him *(People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit. Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.