■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARON BETANCOURT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered November 6, 1987, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

At the scene of the defendant's arrest, the defendant was advised of his Miranda rights, to which he responded, "I

didn't do nothing". Approximately an hour later at the police station, the defendant was again advised of his *Miranda* rights, whereupon he indicated that he understood them but that he was not willing to answer any questions. At that point, the arresting officer began processing arrest papers, including a property voucher for the recovered gun and a request for ballistics analysis. The defendant was handcuffed to a bar and seated near the arresting officer while the gun was on a desk a short distance from both the defendant and the arresting officer. The arresting officer testified that he needed the gun to fill out the paperwork. The arresting officer then engaged in a brief conversation with three or four other officers about what had occurred and the exact charges he was going to file. One of the other officers asked, "What did you get him for?", to which the arresting officer responded, "a weapon and resisting arrest, he ran, and robbery". At that point, the defendant interrupted the conversation and said, "the gun is mine, but I'm not copping out to no robbery. I didn't rob no one". The substance of the defendant's statement was later admitted at trial. The defendant was never charged with robbery.

We reject the defendant's argument that his statement should have been suppressed. The hearing court properly concluded that an objective observer with the same knowledge concerning the suspect as the police had would not conclude that the remarks or conduct of the police was reasonably likely to elicit a response *(cf., People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007). The conversation of the police officers was brief. It was not directed at the defendant, and their entire conduct was in accordance with proper procedure and undertaken in furtherance of their administrative duties as police officers. Further, the record clearly establishes that the police were not seeking a response from the defendant by leaving the gun in the defendant's view *(see, Rhode Is. v Innis,* 446 US 291; *People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786; *cf., People v Ferro, supra).*

Finally, we find that the summation comments to which the defendant objects were either unpreserved for appellate review or constituted fair response to the defense counsel's summation *(see,* CPL 470.05 [2]; *People v Haile M.,* 160 AD2d 1027, 1028; *People v Bartolomeo,* 126 AD2d 375, 390). Kunzeman, J. P., Kooper, Lawrence and Harwood, JJ., concur.