■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS FEARON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 28, 1990, convicting him of rape in the first degree (three counts) and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was charged and tried with his codefendants Bruce Richardson and Martin Williams, both as a principal and on an acting in concert theory, in the commission of multiple acts of rape and sodomy against a single complainant *(see, People v Richardson,* 182 AD2d 721 [decided herewith]; *People v Williams,* 182 AD2d 733 [decided herewith]).

Although this defendant has argued that he was denied a fair trial by virtue of the admission of testimony which he claims constituted evidence of an "uncharged crime", we find that the disputed testimony was properly allowed to remain in

evidence *(see, People v Alvino,* 71 NY2d 233; *People v Santarelli,* 49 NY2d 241, 247; *see also, People v Richardson,* 182 AD2d 721, *supra).*

Upon a review of the court's charge to the jury, we find that the court's instructions "adequately conveyed to the jury the appropriate standards" *(see, People v Graziano,* 151 AD2d 775, 776).

Upon our review of the record, including the pre-sentence report, we find that the court did not improvidently exercise its discretion in declining to grant this defendant youthful offender status *(see,* CPL 720.20 [1] [a]) and we further conclude that there is no reason for this court to substitute its discretion for that of the sentencing court in order to accord this defendant youthful offender status *(cf., People v Cruickshank,* 105 AD2d 325, 335, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625). The sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contention and find that it does not warrant reversal. Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.