■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE RICHARDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 28, 1990, convicting him of rape in the first degree (two counts) and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was charged and tried with his codefendants Otis Fearon and Martin Williams, both as a principal and on an acting in concert theory, in the commission of multiple acts of rape and sodomy against a single complainant (see, People v Fearon, 182 AD2d 698 [decided herewith]; People v Williams, 182 AD2d 733 [decided herewith]).

It is urged by the defendant on appeal that, in allowing the complainant to relate a comment which had been made by the codefendant Williams to the defendant and the codefendant Fearon telling them not to "start at it again", and that he did not want them "to start shooting again", the People improperly introduced evidence of a prior uncharged crime (see, People v Molineux, 168 NY 264). However, we find that to the extent this comment may be a reference to an actual gun shooting incident, it was relevant on the issue of forcible compulsion since the complainant could have feared that the defendants were armed (see, People v Vails, 43 NY2d 364, 368; see also, People v Ventimiglia, 52 NY2d 350, 359-360). Accordingly, we find that this testimony was properly admitted under the Molineux rule (see, People v Alvino, 71 NY2d 233; see also, People v Santarelli, 49 NY2d 241, 247).

Upon a review of the court's charge to the jury, we find that the court's instructions "adequately conveyed to the jury the

appropriate standards" *(People v Graziano,* 151 AD2d 775, 776).

The defendant also attributes prejudicial error to certain of the prosecutor's remarks on summation. We find, however, that, of those alleged claims of error properly preserved for appellate review, none substantially prejudiced the defendant's trial or exceeded the bounds of permissible rhetorical comment *(People v Galloway,* 54 NY2d 396).

We have examined the defendant's remaining contention and find that it does not warrant reversal. Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.