■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 28, 1990, convicting him of rape in the first degree (three counts) and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is

remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was charged and tried with the codefendants Otis Fearon and Bruce Richardson, both as a principal and as one who acted in concert with his codefendants in the commission of multiple acts of rape and sodomy against a single complainant. The appeals of both codefendants are also decided herewith (see, People v Fearon, 182 AD2d 698; People v Richardson, 182 AD2d 721).

Adopting the argument made by the codefendant Richardson, this defendant also argues that he was denied a fair trial by virtue of the admission of testimony which allegedly constituted evidence of an uncharged crime. We find, however, that the disputed testimony was properly admitted into evidence (see, People v Alvino, 71 NY2d 233; People v Santarelli, 49 NY2d 241, 247; see also, People v Richardson, supra).

The defendant also attributes prejudicial error to certain of the prosecutor's remarks on summation. We find, however, that of those contentions properly preserved for appellate review, none of the objected-to remarks prejudiced the defendant's trial or exceeded the bounds of permissible rhetorical comment (People v Galloway, 54 NY2d 396).

Upon a review of the court's jury charge, we find that it "adequately conveyed to the jury the appropriate standards" (People v Graziano, 151 AD2d 775, 776). Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.