■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RUSSO, Appellant. [607 NYS2d 413] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 30, 1992, convicting him of murder in the second degree (two counts), under Indictment No. 11596/90, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court also rendered March 30, 1992, revoking a sentence of probation previously imposed by the same court under Indictment No. 6616/87, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his

previous conviction of criminal sale of a controlled substance in the fourth degree.

Ordered that the judgment and the amended judgment are affirmed.

We find no basis to conclude that the defendant was denied a fair trial due to the prosecutor's remarks in summation. Although it is generally improper for a prosecutor to refer to a defendant's "lies", in this case, the remarks were a fair response to the defense counsel's statement in summation that the defendant "doesn't lie" *(see, People v Alexandria,* 126 AD2d 655; *People v Torres,* 121 AD2d 663, 664; *People v Blackman,* 88 AD2d 620, 621). Additionally, the prosecutor's remarks may be characterized as fair comment on the evidence, as the issue of credibility was crucial to the trial *(see, People v Hill,* 176 AD2d 755, 756; *People v Glenn,* 140 AD2d 623; *People v Oakley,* 114 AD2d 473). The other comments were not so prejudicial as to warrant a reversal of the conviction, especially in light of the overwhelming evidence against the defendant *(see, People v Crimmins,* 36 NY2d 230, 237; *cf., People v Galloway,* 54 NY2d 396).

We also conclude that the defense counsel's failure to request, on the record, that the court charge the affirmative defense to felony murder did not deprive the defendant of the effective assistance of counsel. The record demonstrates that the defendant knew that his companion was armed with a handgun and intended to commit a robbery. Therefore, the requirements of Penal Law § 125.25 (3) (c), that the defendant had no reasonable ground to believe that any other participant was armed with, *inter alia,* a weapon, and (d) that the defendant had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious injury, were not met *(see, People v Brown,* 174 AD2d 750; *People v Pearson,* 118 AD2d 737; *see also, People v DiNicolantonio,* 140 AD2d 44, 51-61, *mod* 74 NY2d 856). Accordingly, the defense counsel's failure to argue the affirmative defense at trial did not deprive the defendant of effective assistance of counsel *(see, People v Pagan,* 130 AD2d 687).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.