OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed. Defendant was convicted, after a jury trial, of two counts of felony murder for his involvement in a robbery in which two shop employees were shot and killed by another perpetrator. The sum and substance of appellant’s only preserved appellate
 
 *874
 
 issue is that he was denied effective assistance of counsel because his lawyer neglected, arguably inadvertently, to make an on-the-record request for a jury instruction on the affirmative defense to felony murder
 
 (see,
 
 Penal Law § 125.25 [3]). The Appellate Division upheld defendant’s conviction, rejecting the ineffective assistance of counsel claim. .
 

 We agree with the Appellate Division that defense counsel’s failure to request the affirmative defense instruction does not constitute ineffective assistance of counsel, in and of itself, under the entire circumstances of this case
 
 (see, People v Hobot,
 
 84 NY2d 1021;
 
 People v Flores,
 
 84 NY2d 184, 187-188;
 
 People v Baldi,
 
 54 NY2d 137, 147). In resolving this issue, we only assume and do not decide the debatable underlying question as to whether defendant would have been entitled to the instruction on the reasonable view of the whole record evidence, even if the request had been made.
 

 We further conclude that defendant’s claims that the sentencing court abused its discretion and violated his due process rights by stating that it would not consider the negotiated sentence unless defendant waived his right to appeal are unpreserved.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.