■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALKER, Appellant. [656 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered May 15, 1995, convicting him of criminal sale of a firearm in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, closure of the courtroom was proper in this case where the undercover officer's testimony established a sufficient link between his concern for his safety and open court testimony (*see, People v Martinez,* 82 NY2d 436; *People v Kin Kan,* 78 NY2d 54). Further, the fact that the defendant knew the undercover officer's name did not obviate the need for closure. "[W]hile there may have been limited disclosure of [the undercover officer's] name, there had been no disclosure of his *appearance,* and closure was necessary to prevent members of the public from connecting his face with his name" (*People v Johnson,* 233 AD2d 761, 764).

The defendant's remaining contentions lack merit. Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WESOLOWSKI, Appellant. [656 NYS2d 921] —Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Weissman, J.), rendered March 13, 1995, convicting him of robbery in the first degree under Indictment No. 2634/93, upon a jury verdict, and (2) a judgment of the same court (Cotter, J.), rendered June 15, 1995, convicting him of attempted assault in the second degree under Indictment No. 1334/93, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that reversible error took place by virtue of prosecutorial misconduct during summation is largely unpreserved for appellate review and, in any event, without merit. Two of the three comments now complained of were not the subject of trial objections and, accordingly, claims regarding those comments are unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the prosecutor's comments constituted fair response to defense counsel's summation (*see, People v Russo,* 201 AD2d 512, *affd* 85 NY2d 872) or do not require reversal.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.