■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOYTION, Appellant. [733 NYS2d 623] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered June 1, 2000, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly allowed the prosecution to make the challenged opening and summation remarks (*see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641; *People v Ashwal,* 39 NY2d 105; *People v Russo,* 201 AD2d 512, *affd* 85 NY2d 872).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Ritter, J. P., Feuerstein, Townes and Prudenti, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CANDELARIA, Appellant. [733 NYS2d 625] —Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered August 7, 2000, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearsay information relied on by the police to establish probable cause to stop and search his vehicle was sufficient to satisfy both prongs of the *Aguilar-Spinelli* test (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Ketcham,* 93 NY2d 416; *People v Parris,* 83 NY2d 342; *People v Galak,* 81 NY2d 463; *People v Greene,* 153 AD2d 439, *cert denied* 498 US 947).

In light of this determination, we need not reach the defendant's remaining contentions. Ritter, J. P., Friedmann, Florio and Cozier, JJ., concur.