■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY GOODSON, Also Known as JEFFERY GOODSON, Appellant. [735 NYS2d 820] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered March 23, 2001, convicting him of attempted criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Krausman, J. P., Luciano, Smith, Adams and Prudenti, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS HERRERA, Appellant. [736 NYS2d 236] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 24, 1999, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial by the prosecutor's misconduct during summation. In determining whether the prosecutor's remarks amounted to misconduct, his summation must be examined in the context of the summation delivered by the defense counsel (*see, People v Galloway,* 54 NY2d 396). While some of the prosecutor's comments might have been strident, his summation does not warrant reversal (*see, People v Russo,* 201 AD2d 512, *affd* 85 NY2d 872). Krausman, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.