■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY FAULKENSON, Also Known as EVERTON HERON, Appellant. [745 NYS2d 453] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Sheridan, J.), rendered November 17, 1997, convicting him of assault in the second degree (five counts) and promoting prison contraband in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The hearing court properly determined that the People should not be charged with postreadiness delay for the failure to produce the defendant. The evidence adduced supported the court's conclusion that the People's conduct did not constitute a direct impediment to the commencement of the trial since they exercised due diligence in trying to obtain the presence of the defendant in court (*see People v England,* 84 NY2d 1; *People v Knight,* 163 AD2d 583). Accordingly, the defendant was not denied his statutory right to a speedy trial.

The defendant's claim that the evidence was legally insufficient to support the convictions under counts three, four, and five of the indictment, each alleging assault in the second degree, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of all counts of assault in the second degree beyond a reasonable doubt. The trial testimony demonstrated the existence of physical injury to each of the victims (*see* Penal Law § 120.05 [7]).

The majority of the defendant's challenges to the prosecutor's conduct at trial are unpreserved for appellate review since the defendant did not timely object to the errors challenged on appeal with sufficient specificity (*see People v Dien,* 77 NY2d 885). In any event, in light of the nature of the statements made by the defense attorney in summation, the comments made by the prosecutor in his summation were reasonable and do not require reversal (*see People v Draksin,* 145 AD2d 500).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.