Victor RUSSO, Petitioner–Appellant,

v.

John P. KEANE, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.

Docket No. 00–2463.

United States Court of Appeals, Second Circuit.

July 25, 2002.

David S. Hammer, New York, NY, for Appellant.

Amy Appelbaum, Assistant District Attorney (Charles J. Hynes, District Attorney, on the brief, Leonard Joblove, Assistant District Attorney, of counsel, Ann Bordley, Assistant District Attorney, of counsel), Office of the District Attorney, Kings County, Brooklyn, NY, for Appellee.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Petitioner Victor Russo appeals from a July 31, 2000 judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Russo was convicted on March 30, 1992 in New York Supreme Court, Kings County, of two counts of felony murder. [RA 163] The evidence at trial established that on February 25, 1989, Russo was at a party with his brother, Carlos Russo and his cousin, Angelo Cortez. [RA 90, 99] Russo testified that he saw that his cousin was carrying a gun and knew that Cortez always carried a gun. [RA 99, 101] Later that night, Cortez told them that he wanted to rob a convenience store. [RA 91] After Russo and his brother told Cortez that they did not want to rob the store, they nonetheless accompanied him to the convenience store to buy cigarettes. [RA 91] While Russo was waiting outside, he heard gunshots inside the store. [RA 93] Russo's brother and Cortez ran out, and the three fled the scene. [RA 93(a) ] The two men shot in the store later died from their gunshots wounds.

When police first questioned Russo, he initially denied knowing anything about the crime. [RA 180] However, Russo eventually told police that his cousin had committed the robbery but that he had not

been aware his cousin was carrying a gun, and signed a written statement to that effect. [RA 181] Police then arrested Russo and read him his *Miranda* rights again. This time, according to police testimony, Russo stated that he knew Cortez had a gun because he had seen it earlier that night at a party, that Cortez had asked Russo to stand as lookout during the convenience store robbery, and that Cortez gave Russo part of the proceeds from the robbery. Russo later made a videotape recounting this later version to police. [RA 181–82]

At Russo's trial, after the jury had begun its deliberations, defense counsel for the first time requested that the Court charge the affirmative defense to felony murder. The Court responded that if the defense had requested the charge, it would have given it, but that the defense failed to timely request the charge. [RA 155–59] The jury then found Russo guilty of two counts of felony murder. [RA 163]

At sentencing, the prosecution stated that if Russo were willing to testify against Cortez, it would recommend a sentence of concurrent terms of imprisonment of fifteen years to life for the felony murders and would also recommend that Russo's sentence for a probation violation be served concurrently to the felony murder sentences. [RA 165] If Russo were unwilling to testify, the prosecution said that it would recommend concurrent terms of twenty years to life for the felony murders. [RA 165] The defense stated that it wanted to clarify its understanding that acceptance of the prosecutor's proposal did not require Russo to waive his right to appeal. [RA 166] The prosecution responded that it was making no recommendation regarding waiver of the defendant's right to appeal. [RA 166]

The Court then stated that it would "not become a party to any such agreement unless all rights of appeal are waived, has never done it, and never will. Unless there is an agreement also that all appeal rights are waived, this Court is not part of that agreement and, indeed, will not comply with that agreement." [RA 166] In response, the defense stated that the defendant wanted to appeal and would be appealing. The defense did not object to the Court's waiver policy. [RA 166] The Court then sentenced Russo principally to concurrent terms of twenty years to life for the felony murders and a consecutive term of two to six years imprisonment for a probation violation. [RA 170]

Russo appealed his conviction to the Appellate Division arguing, *inter alia,* that his trial counsel was ineffective for failing to request that the Court charge the jury on the affirmative defense to felony murder and that the Court improperly rejected the State's sentencing proposal because Russo did not waive his right to appeal. The Appellate Division affirmed the judgment of conviction. *People v. Russo,* 201 A.D.2d 512, 607 N.Y.S.2d 413, 414 (2d Dep't 1994). It concluded that defense counsel was not ineffective for failing to request a charge on the affirmative defense to felony murder. The Court found that the defendant knew "his companion was armed with a handgun and intended to commit a robbery." *Id.* Thus, the Court reasoned that Russo did not meet two elements of an affirmative defense to felony murder under New York law—that the defendant have no reasonable ground to believe that any other participant was armed with, among other things, a weapon, and that the defendant had no reasonable ground to believe that another participant intended to engage in conduct likely to result in death or serious injury. *Id.; see* N.Y. PENAL LAW § 125.25(3)(c) and (d). Though the Court did not address Russo's sentencing contention expressly, it implied

that it was either not preserved for appellate review or meritless. *Russo*, 607 N.Y.S.2d at 414.

The New York Court of Appeals affirmed the order of the Appellate Division. *People v. Russo*, 85 N.Y.2d 872, 626 N.Y.S.2d 51, 649 N.E.2d 1195 (1995). Though the Court did not decide whether Russo would have been entitled to a jury instruction on the affirmative defense to felony murder if the instruction were requested, it concluded that, under the circumstances presented, defense counsel's failure to request the affirmative defense to felony murder charge did not constitute ineffective assistance of counsel. *Id.* at 873, 626 N.Y.S.2d 51, 649 N.E.2d 1195. It also held that Russo's sentencing challenge was not preserved for appellate review. *Id.*

Russo subsequently filed a motion to vacate his conviction in the Supreme Court of New York, pursuant to New York Criminal Procedure Law § 440.10, asserting two grounds for ineffective assistance of counsel: (1) failure to request that the court charge the affirmative defense to felony murder; and (2) failure to object to the sentencing court's decision to reject the State's sentencing recommendation unless Russo waived his right to appeal. The Court denied Russo's motion, observing, as to his sentencing contention, that a New York court may "actively impose conditions" on a plea agreement, and that the condition imposed by the trial court in the present case—waiver of Russo's right of appeal—"is considered a reasonable one." Because there was thus no basis for counsel to object to the plea condition, the court held that counsel's assistance had not been ineffective. As to Russo's affirmative defense contention, the court pointed to the Appellate Division's conclusion that counsel could not have been ineffective "because defendant was never entitled

to the charge since he did not meet all its qualifications." Noting that the Court of Appeals had only assumed and not decided the latter issue, the Court stated that "this leaves the Appellate Division's finding undisturbed and hence still binding." Leave to appeal to the Appellate Division was denied.

Russo later filed a habeas corpus petition in the United States District Court for the Eastern District of New York. In its July 31, 2000 judgment, the District Court denied Russo's petition. It held that there was no probability that "even if counsel had asked for the affirmative defense charge, and even if the trial judge, as she stated, would have given the charge if asked, the result of the proceeding would have been different." *Russo v. Keane*, No. 96 CV 5776, at 11 (E.D.N.Y. July 21, 2000). **[RA 187]**

Russo framed his challenge to his sentence differently than he had before the New York Court of Appeals. Specifically, he argued that his trial attorney had provided him ineffective assistance by failing to object to the Sentencing Court's policy against accepting a negotiated sentence without an appeal waiver. The District Court concluded that Russo failed to demonstrate prejudice because he did not make an adequate showing that he would have accepted the sentencing proposal if he had not been required to waive his right to appeal. *Id.* at 14. **[RA 190]** The Court also held that Russo failed to demonstrate a reasonable likelihood of a different result even if his attorney had objected. *Id.* **[RA 190]**

Before our Court, Russo raises two arguments in his petition. First, he contends that his trial counsel was ineffective for failing to request a jury charge on the affirmative defense to felony murder. Second, he argues that his trial counsel provided him ineffective assistance by fail-

ing to object to the Sentencing Court's policy of conditioning enforcement of a sentencing agreement on the defendant's appeal waiver.

Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to establish an ineffective assistance of counsel claim, one must show that his attorney's representation "fell below an objective standard of reasonableness," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

In addition, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), P.L. No. 104–132, 110 Stat. 1214 (1996), requires us to review state court determinations of a federal habeas petitioner's claims under a deferential standard when those claims were "adjudicated on the merits," as Russo's were. 28 U.S.C. § 2254(d)(1) (2001). Under AEDPA, a writ of habeas corpus may not issue unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." *Id.* Because we agree, as discussed below, with the District Court's conclusion that the state court's determinations were not unreasonable applications of federal law, we are required to defer to the state court's determinations of Russo's claims.

■ Assuming, without deciding, that Russo was entitled to a charge on the affirmative defense to felony murder had it been requested, we nonetheless agree with the District Court that, in the circumstances presented, there is no reasonable likelihood that the result of Russo's trial would have been different had the jury been charged on the affirmative defense to felony murder. Under New York's affirmative defense to felony murder, a defendant must establish, among other elements, that the defendant had no reasonable ground to believe that any other participant was armed with a deadly weapon and that the defendant had no reasonable ground to believe that another participant intended to engage in conduct likely to result in death or serious injury. N.Y. Penal Law § 125.25(3)(c) and (d). But given Russo's testimony that he was aware that Cortez was carrying a gun that night and that Cortez expressed an interest in committing a robbery, no reasonable jury could have concluded, based on the facts at hand, that Russo had satisfied the third and fourth elements of the felony murder affirmative defense. Accordingly, Russo fails to establish the second prong of *Strickland* with respect to his jury charge argument.

■ With respect to Russo's sentencing argument, we agree with the District Court that Russo's challenge fails for substantially the reasons stated in the District Court's July 21, 2000 Memorandum and Order:

Although petitioner argues as if there were an agreement between him and the prosecution, the record of sentencing fails to indicate that an agreement had actually been reached and that petitioner had agreed to testify against his cousin Cortez as required by the prosecutor as a condition of the proposed agreement. In the absence of a showing that petitioner in fact would have accepted the agreement, petitioner could not have been prejudiced by the sentencing court's policy of requiring a waiver of appeal rights as a condition to accepting a negotiated sentence.

Petitioner also fails to demonstrate a reasonable probability of a different result if counsel had objected, even if petitioner was prepared to cooperate with the government. It is clear from the sentencing hearing that the sentencing judge viewed the petitioner's partic-

ipation in a crime involving the murder of two people and his lack of remorse very seriously. Petitioner has failed to show that an objection to the condition that the sentencing judge imposed had any probability of success in the state courts and has failed to show that the rejection of his claim of constitutionally ineffective counsel by the state court was contrary to or involved an unreasonable application of clearly established law as determined by the Supreme Court, as required under 28 U.S.C. § 2254(d)(1). *See Ramdass v. Angelone,* [530] U.S. [156, 165], 120 S.Ct. 2113, 2119–20[, 147 L.Ed.2d 125] (2000); *Williams v. Taylor* [529] U.S. [362, 402–03], 120 S.Ct. 1495, 1518[, 146 L.Ed.2d 389] *et seq.* (2000).

*Russo v. Keane,* No. 96 CV 5776, at 14 (E.D.N.Y. July 21, 2000) (citation omitted).

For the foregoing reasons the judgment of the District Court is hereby **AF-FIRMED**.