■ In the Matter of Dominique P., a Person Alleged to be a Juvenile Delinquent, Appellant. [919 NYS2d 6]—

The court properly denied appellant's suppression motion. After being lawfully arrested, appellant voluntarily confessed that he took part in numerous residential burglaries.

There was probable cause for appellant's arrest (*see People v Bigelow*, 66 NY2d 417, 423 [1985]; *Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]). Three identified citizen informants provided the police with detailed and specific information concerning appellant's involvement in a series of burglaries. While none of these informants initiated contact with the police, there is no evidence that any of them sought or obtained any benefits in return for their information. Their status as identified citizens satisfied the reliability prong of the *Aguilar/Spinelli* test (*see People v Hetrick*, 80 NY2d 344, 348 [1992]; *People v Hicks*, 38 NY2d 90 [1975]). The basis-of-knowledge prong was clearly satisfied as to two of the informants, since they both heard appellant admit his own involvement in the burglaries.

The totality of the circumstances establishes the voluntariness of appellant's confession (*see Fare v Michael C.*, 442 US 707, 725-728 [1979]; *People v Anderson*, 42 NY2d 35, 38-39 [1977]). The circumstances were not coercive, and the police

complied with every requirement of Family Court Act § 305.2. Given the seriousness and complexity of the charges, it was clearly necessary to take appellant to a designated facility for questioning (*see* Family Ct Act § 305.2 [4] [b]). Two representatives of Children's Village, the entity that was "legally responsible for the child's care" (Family Ct Act § 305.2 [3]), were present, and appellant's challenges to the suitability of these persons are without merit (*see Matter of Richard UU.*, 56 AD3d 973, 975 [2008]). The delay in commencing the questioning was reasonable in light of the time consumed in obtaining the presence of the Children's Village employees. The length of the interrogation was reasonable in light of the large number of burglaries and the need to conduct a canvass in which appellant identified the locations he burglarized. We have considered and rejected appellant's remaining challenges to his confession. Concur—Tom, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.