People v Dhillon (2018 NY Slip Op 00434)





People v Dhillon


2018 NY Slip Op 00434


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2017-03567

[*1]The People of the State of New York, respondent,
v
Sukhjinder Dhillon, appellant. (S.C.I. No. 1235/13)


Mark M. Baker, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Merri Turk Lasky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Stephanie Zaro, J.), imposed March 6, 2017, upon his conviction of manslaughter in the first degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v Dhillon, 143 AD3d 734), the resentence being a determinate term of imprisonment of 17 years to be followed by 5 years' postrelease supervision.
ORDERED that the resentence is modified, as a matter of discretion in the interest of justice, by reducing the determinate term of imprisonment from 17 years to 12 years; as so modified, the resentence is affirmed.
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Hesterbey, 121 AD3d 1127, 1128 [internal quotation marks omitted]; see People v Mullings, 83 AD3d 871, 872; People v Fearon, 182 AD2d 698, 699, lv granted 79 NY2d 1048). Here, weighing all the relevant circumstances, including the gravity of the crime and the manner in which it was committed, the fact that the defendant has no prior criminal record, the defendant's psychological diagnoses, and his prospects for rehabilitation and hope for a future constructive life, the Supreme Court providently exercised its discretion in denying the defendant's application for youthful offender status (see People v Hopkins, 163 AD2d 416; People v Lutchmidat, 134 AD2d 286, 287).
However, the resentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court