Matter of Tevin W. (2019 NY Slip Op 07080)





Matter of Tevin W.


2019 NY Slip Op 07080


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-00001
 (Docket No. D-17885-18)

[*1]In the Matter of Tevin W. (Anonymous), appellant.


Richard Cardinale, Brooklyn, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 3, Tevin W. appeals from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated December 10, 2018. The order of disposition, upon an order of fact-finding of the same court dated September 12, 2018, made upon Tevin W.'s admission, finding that Tevin W. committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudicated Tevin W. a juvenile delinquent and conditionally discharged him for a period of 12 months. The appeal brings up for review the denial, after a hearing (Ilana Gruebel, J.), of that branch of Tevin W.'s motion which was to suppress his statements to law enforcement officials.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
Following a report of a possible sexual assault committed against a resident of a group home where the appellant also resided, a responding police officer briefly spoke to the appellant in his room at the group home while in the presence of an adult administrator of the facility. Several hours later, the appellant was arrested and transported to a police station based on an unrelated altercation with a staff member at the home. While there, a different police officer questioned him at length in the presence of an adult employee of the home, and the appellant made incriminating statements regarding the sexual assault. Although the initial questioning at the group home was not preceded by Miranda warnings (see Miranda v Arizona, 384 US 436), the subsequent questioning at the police station was. After a hearing, the Family Court denied the appellant's motion to suppress his statements from both encounters with the police, and the appellant subsequently admitted his commission of an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree.
The appellant's contention that his first statement to the police should have been suppressed as the product of custodial interrogation for which he did not receive Miranda warnings is without merit. Under the circumstances presented, the appellant's first statement to the police was noncustodial, since a reasonable person of the appellant's age, innocent of any crime, would not have believed that his freedom was significantly restricted (see Matter of Kwok T., 43 NY2d 213, 219; Matter of Jemar J., 307 AD2d 929, 930; People v Bailey, 140 AD2d 356, 358). Accordingly, the administration of Miranda warnings was not required, and we agree with the Family Court's denial [*2]of suppression of the first statement.
Even assuming that the appellant's first statement to the police was the product of custodial interrogation, thus necessitating Miranda warnings, the appellant's subsequent statement to the police, which was far more detailed and incriminating and was preceded by Miranda warnings, was sufficiently attenuated from the first statement to render it admissible (see People v Paulman, 5 NY3d 122, 130-131). In this regard, there is no merit to the appellant's contention that his two statements were part of a single, continuous chain of events, or that the second statement to the police should have been suppressed because it was made on constraint of the first statement (see People v White, 10 NY3d 286; People v Tanner, 30 NY2d 102, 105-106; Matter of Daniel H., 67 AD3d 527; People v Samuels, 11 AD3d 372; People v Marino, 135 AD2d 573, 574). Moreover, we agree with the Family Court's determination that, under the totality of the circumstances (see Matter of Jimmy D., 15 NY3d 417, 423; Matter of Dennis P.-A., 170 AD3d 727, 730), the appellant's second statement to the police was made voluntarily and in compliance with the relevant provisions of Family Court Act § 305.2, and was not the product of coercion (see Matter of Jimmy D., 15 NY3d at 421-422, 424; Matter of Dennis P.-A., 170 AD3d at 730; People v Weaver, 167 AD3d 1238, 1241-1242; Matter of Dominique P., 82 AD3d 478, 479; Matter of Richard UU., 56 AD3d 973, 975-976).
Accordingly, we agree with the Family Court's denial of that branch of the appellant's motion which was to suppress his statements to law enforcement officials, and we affirm the order of disposition.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court