People v Bunch (2024 NY Slip Op 01020)

People v Bunch

2024 NY Slip Op 01020

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-00250

[*1]The People of the State of New York, respondent, 
v
Jaisean Bunch, appellant. (S.C.I. No. 2038/19)

Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Ronald Eniclerico of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michelle Johnson, J.), rendered December 10, 2019, convicting him of manslaughter in the first degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 19 years, to be followed by a period of postrelease supervision of 5 years.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 19 years, to be followed by a period of postrelease supervision of 5 years, to a determinate term of imprisonment of 17 years, to be followed by a period of postrelease supervision of 5 years; as so modified, the judgment is affirmed.
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Hesterbey, 121 AD3d 1127, 1128 [internal quotation marks omitted]; see People v Mullings, 83 AD3d 871, 872; People v Fearon, 182 AD2d 698, 699, affd 81 NY2d 303). Here, weighing all the relevant circumstances, including the gravity of the crime and the manner in which it was committed, the fact that the defendant has no prior criminal record, the defendant's exposure to violence and abuse, and his prospects for rehabilitation and hope for a future constructive life, the Supreme Court providently exercised its discretion in denying the defendant's application for youthful offender status (see People v Dhillon, 157 AD3d 900; People v Lutchmidat, 134 AD2d 286, 287).
The defendant's purported waiver of his right to appeal was invalid, because the Supreme Court's oral statements and the written waiver mischaracterized the nature of the waiver as an absolute bar to the taking of a direct appeal and a forfeiture of the attendant right to counsel and poor person relief (see People v Thomas, 34 NY3d 545; People v Martinez, 209 AD3d 765, 766). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim. The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court